**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:  0:12-cv-61074-RSR**

SECURITIES AND EXCHANGE COMMISSION,

                 Plaintiff,

      v.

KEVIN P. BRENNAN, DONALD G. HUGGINS,
MARC SEAVER PAGE, and OPTIMIZED
TRANSPORTATION MANAGEMENT, INC.

                 Defendants.

_____/

## FINAL JUDGMENT AS TO DEFENDANT MARC SEAVER PAGE

      The Securities and Exchange Commission having filed a Complaint, and Marc Seaver Page having entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Final Judgment (the "Final Judgment") without admitting or denying the allegations of the Complaint; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

## SECTION 17(a)(1) OF THE SECURITIES ACT OF 1933

      **IT IS ORDERED AND ADJUDGED** that Marc Seaver Page and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive ctual notice of this Final Judgment by personal service or otherwise are permanently restrained nd enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") 15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments f transportation or communication in interstate commerce or by use of the mails, directly or

directly:

    (a)     to employ any device, scheme, or artifice to defraud;

    (b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser by, directly or indirectly,

(i) creating a false appearance or otherwise deceiving any person about the price or trading market for any security, or

(ii) making any false or misleading statement, or disseminating any false or misleading documents, materials, or information, concerning matters relating to a decision by an investor or prospective investor to buy or sell securities of any company.

## II.

## SECTION 10(b) OF THE SECURITIES EXCHANGE ACT OF 1934

**IT IS FURTHER ORDERED AND ADJUDGED** that Marc Seaver Page and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate

commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)  to employ any device, scheme, or artifice to defraud;

(b)  to make any untrue statement of a material fact, or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(c)  to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person by, directly or indirectly,

(i)  creating a false appearance or otherwise deceiving any person about the price or trading market for any security, or

(ii)  making any false or misleading statement, or disseminating any false or misleading documents, materials, or information, concerning matters relating to a decision by an investor or prospective investor to buy or sell securities of any company.

### III.

### **PENNY STOCK BAR**

**IT IS FURTHER ORDERED AND ADJUDGED** that Marc Seaver Page is barred for a period of two years from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.  A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R. 240.3a51-1.

## IV.

## DISGORGEMENT AND CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that Marc Seaver Page is liable for disgorgement of $1,000.00, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest in the amount of $128, and a civil penalty of $1,000.00 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d) and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). Marc Seaver Page shall satisfy this obligation by paying $2,128 to the Securities and Exchange Commission according to the following payment plan: (1) Marc Seaver Page shall pay $500 (placed in escrow within 20 days of executing the attached consent) within 14 days of entry of this Final Judgment; (2) Marc Seaver Page shall pay $628 within 30 days of entry of this Final Judgment; and (3) Marc Seaver Page shall pay $1,000 within six months of entry of this Final Judgment. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of Final Judgment. Prior to making the final payment set forth herein, Marc Seaver Page shall contact the staff of the Commission for the amount due for the final payment.

If Marc Seaver Page fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

Marc Seaver Page may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made

directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Marc Seaver Page may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Marc Seaver Page as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Marc Seaver Page shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action, Michelle Bougdanos, Esq., 801 Brickell Avenue, Suite 1800, Miami, FL, 33131. By making this payment, Marc Seaver Page relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Marc Seaver Page. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 30 days following entry of this Final Judgment.

Marc Seaver Page shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Marc Seaver Page pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added

to a distribution fund or otherwise used for the benefit of investors.  Marc Seaver Page further shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Marc Seaver Page pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

V.

**INCORPORATION OF MARC SEAVER PAGE'S CONSENT**

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Marc Seaver Page shall comply with all of the undertakings and agreements set forth therein.

VI.

**RETENTION OF JURISDICTION**

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

**RULE 54(b) CERTIFICATION**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 9th day of December, 2013.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies to:
counsel of record