UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  0:12-cv-61074-RSR

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

KEVIN P. BRENNAN, DONALD G. HUGGINS,
MARC S. PAGE, AND OPTIMIZED
TRANSPORTATION MANAGEMENT, INC.,

        Defendants.
_____/

ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT
OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANT
OPTIMIZED TRANSPORTATION MANAGEMENT, INC.

This matter is before the Court on Plaintiff Securities and Exchange Commission's Motion for Entry of Default Judgment of Permanent Injunction and Other Relief Against Defendant Optimized Transportation Management, Inc. [ECF No. 53].  Having considered the motion and the entire record, the Court enters this order granting the motion.

## FINDINGS OF FACT

On June 4, 2012, Plaintiff filed this action against Defendant Optimized Transportation Management, Inc., and other defendants alleging fraud in violation of Section 17(a)(1) of the Securities Act of 1933, 15 U.S.C. § 77q(a)(1); Section 10(b) of the Securities Act of 1934, 15 U.S.C. § 78j(b); and Exchange Act Rule 10b-5(a) and (c), 17 C.F.R. 240.10b-5(a)and (c).  *See* ECF No. 1.  The Complaint sets forth detailed facts alleging that Defendant Kevin P. Brennan, who was the Chief Executive Officer and Chief Financial Officer of Defendant Optimized Transportation Management, Inc., as well as other defendants engaged in a fraudulent market manipulation scheme involving the

company's stock. Defendant Optimized Transportation Management, Inc. ("OPTZ"), was properly served with a summons and a copy of the Complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure, by service on its registered agent Incorp. Services, Inc. *See* ECF No. 5. Thus, it had proper notice of this action.

When Defendant OPTZ failed to file a response to the Complaint, Plaintiff moved for entry of a clerk's default. *See* ECF No. 14. The Clerk of the Court entered a default against Defendant OPTZ and on May 14, 2013, Plaintiff filed a motion for default final judgment against Defendant OPTZ. [ECF No. 15, 53]. After Plaintiff filed the pending Motion for Entry of Default Final Judgment, the Court issued an Order directing Defendant to show cause why the Court should not grant the Motion for Default Judgment. ECF No. 54. The Court's Order also directed counsel for Plaintiff to serve Defendant with the Motion for Default Judgment so that Defendant could respond if it wished to do so. *Id.* Plaintiff recently certified that it served the Motion for Default Judgment on Defendant by mail and e-mail on the company's president on the same day that it filed the Motion for Default Judgment. ECF No. 81. To date, Defendant OPTZ has not responded to Plaintiff's Motion for Default Final Judgment.

By virtue of its default, Defendant OPTZ is taken to admit the well-pleaded allegations of fact Plaintiff's Complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Thus, the Court finds that Defendant committed the violations set forth in the Complaint. The Court also finds that it has personal jurisdiction over Defendant OPTZ and the subject matter of this action. Venue is proper in the Southern District of Florida.

### **CONCLUSIONS OF LAW**

OPTZ's fraudulent conduct violated Section 17(a)(1) of the Securities Act of 1933

("Securities Act"), Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), and Exchange Act Rule 10b-5(a). These provisions prohibit essentially the same type of conduct. *U.S. v. Naftalin*, 441 U.S. 768, 773 (1979); *SEC v. Unique Financial Concepts, Inc.*, 119 F. Supp. 2d 1332, 1339 (S.D. Fla. 1998), *aff'd*, 196 F.3d 1195 (11th Cir. 1999).

A defendant engages in a fraudulent scheme in violation of these statutes and rules when it (1) commits a deceptive or manipulative act; (2) in furtherance of a scheme to defraud; and (3) with scienter. *In re Alstom*, 406 F. Supp. 2d 433, 474 (S.D.N.Y. 2005) (citing *In re Global Crossing*, 322 F. Supp. 2d 319, 336 (S.D.N.Y. 2004)). Further, under Exchange Act Section 10(b) and Rule 10b-5, the deceptive acts must be carried out "in connection with the purchase or sale of any security." *Stoneridge Investment Partners, LLC v. Scientific Atlanta, Inc.*, 552 U.S. 148, 160 (2008); 15 U.S.C. §78j(b).

With respect to the first two elements, a defendant commits deceptive or manipulative acts in furtherance of a fraudulent scheme if he has "engaged in conduct that had the principal purpose and effect of creating a false appearance of fact in furtherance of the scheme." *SEC v. Patel,* 2009 WL 3151143, *9 (D.N.H. 2009) (quoting *Simpson v. AOL Time Warner Inc.,* 452 F.3d 1040, 1048 (9th Cir. 2006)); *SEC v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1471 (2d Cir. 1996) (holding that scheme liability extends to those "who had knowledge of the fraud and assisted in its perpetration").

The third element, scienter, is a mental state embracing intent to deceive, manipulate or defraud. *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193 (1976). The Eleventh Circuit has concluded that scienter may be established by a showing of knowing misconduct or severe recklessness. *SEC v. Carriba Air, Inc.*, 681 F.2d 1318, 1324 (11th Cir. 1982).

Finally, the Commission must establish the use of interstate commerce, the mail, or a national

securities exchange. *SEC v. Corporate Relations Group*, 2003 WL 25570113 at *7 (M.D. Fla. March 28, 2003). [1]

The facts in the Complaint establish that OPTZ, through Brennan, its CEO and CFO, was an instrumental participant in a fraudulent scheme in connection with the purchase and sale of the company's common stock in violation of Securities Act Section 17(a)(1) and Exchange Act Rule 10b-5(a) and (c). ECF No. 1, at ¶¶ 7, 19-26, 29-30, 32. When Brennan and the other Defendants agreed to bribe a purportedly corrupt broker to induce the purchase of shares of OPTZ, and took steps in furtherance of that scheme by issuing unrestricted shares, Brennan caused OPTZ to engage in a course of deceptive conduct in violation of those antifraud provisions of the securities laws. ECF No. 1 at ¶¶ 15-32.

The Complaint also establishes that when Brennan engaged in the deceptive conduct, he acted with scienter. Brennan acted solely to "pump up" the value of OPTZ stock share prices. *Id.* at ¶¶ 19-26. Brennan's scienter is imputable to OPTZ. *See SEC v. Mgmt. Dynamics, Inc.*, 515 F.2d 801, 812 (2d Cir. 1975); *SEC v. Manor Nursing Centers*, 458 F.2d 1082, 1096 n. 16 (2d Cir. 1971) (scienter of an individual who controls a business entity may be imputed to that entity). In addition, the conduct was directly in connection with the purchase of a security, namely OPTZ's stock. *SEC v. Zandford*, 535 U.S. 813, 819 (2002) (courts should interpret the "in connection with" requirement broadly

---

[1] Although liability under Rule 10b-5(b) requires a showing of the materiality of a misstatement or omission, materiality is not an element of scheme liability claims under Rule 10b-5(a) or (c). *Compare* 17 C.F.R. § 240.10b-5(b) with 10b5-(a) and (c) (subsection (b) expressly prohibits only misstatements or omissions that are "material" while subsections (a) and (c) together prohibit "any" device, scheme, artifice to defraud, act, practice or course of business); *In re Alstom*, 406 F. Supp. 2d at 474 (listing elements of 10b-5(a) and (c) "scheme liability" claim and not including materiality). Nevertheless, a reasonable investor considering purchasing or selling OPTZ's stock would certainly want to know if the company's CEO was paying bribes to institutional investors to purchase the company's stock to inflate the stock's price and create the appearance of market interest.

4

to effectuate the remedial purpose of the federal securities laws).  ECF No. 1, at ¶¶ 16-32.

Finally, Brennan and the other Defendants used interstate commerce to carry out the OPTZ scheme.  The Defendants sent checks and certificates for OPTZ stock by United States mail.  *Id.* at ¶¶ 27-28.

## REMEDIES

### Permanent Injunctive Relief Against OPTZ Is Warranted

The Complaint seeks injunctive relief against OPTZ for future violations of Securities Act Section 17(a)(1), Exchange Act Section 10(b), and Exchange Act Rule 10b-5(a).  The Commission is entitled to injunctive relief when it establishes: (1) a violation of the federal securities laws; and (2) a reasonable likelihood of future violations.  *SEC v. Calvo*, 378 F.3d 1211, 1216 (11th Cir. 2004); *Unique Financial Concepts,* 196 F.3d at 1199 n.2.

The Commission has already established the first prong by showing OPTZ violated the federal securities laws.  In determining whether a defendant is reasonably likely to continue to violate the securities laws, courts consider the following factors:

(1) the egregiousness of the defendant's actions;

(2) the isolated or recurrent nature of the violations;

(3) the degree of scienter involved;

(4) the sincerity of the defendant's assurances against future violations;

(5) the defendant's recognition of the wrongful nature of his conduct; and

(6) the likelihood that the defendant's occupation will present opportunities for future violations.

*SEC v. Carriba Air*, Inc., 681 F.2d 1318, 1322 (11th Cir. 1982), *citing SEC v. Blatt*, 583 F.2d 1325

(5th Cir. 1978); *SEC. v. Youmans*, 729 F.2d 413, 415 (6th Cir. 1984).

All but the second factor are present here. First, OPTZ's conduct, through Brennan, was egregious. Brennan agreed to and directly participated in a stock purchase scheme involving a purportedly corrupt broker. Over the course of several months, Brennan agreed to, and helped orchestrate a scheme to generate the appearance of market interest in OPTZ, induce public purchases of the stock, and artificially increase its trading price and volume. The egregious nature of Brennan's actions is further demonstrated by the fact that he has been convicted of criminal violations of the securities laws for the very same behavior. ECF No. 1, at ¶¶ 15-32. These same facts also demonstrate the third element, Brennan's high degree of scienter.

With respect to the fourth and fifth factors, OPTZ has not responded to this lawsuit. Given his failure to appear in this action, the Court does not have any assurances that it will avoid future misconduct.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Entry of Default Judgment of Permanent Injunction and Other Relief Against Defendant Optimized Transportation Management, Inc. [ECF No. 53] is **GRANTED**. Default Judgment is entered against Defendant Optimized Transportation Management as follows:

I.

### SECTION 10(B) OF THE SECURITIES EXCHANGE ACT OF 1934

It is **ORDERED AND ADJUDGED** that Defendant OPTZ and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the

"Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person about the price or trading market for any security, or (ii) making any false or misleading statement, or disseminating any false or misleading documents, materials, or information, concerning matters relating to a decision by an investor or prospective investor to buy or sell securities of any company.

## II.

### SECTION 17(A) OF THE SECURITIES ACT OF 1933

It is further **ORDERED AND ADJUDGED** that Defendant OPTZ and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)      to employ any device, scheme, or artifice to defraud;

    (b)      to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)      to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person about the price or trading market for any security, or (ii) making any false or misleading statement, or disseminating any false or misleading documents, materials, or information, concerning matters relating to a decision by an investor or prospective investor to buy or sell securities of any company.

## III.

## DISGORGEMENT AND CIVIL PENALTY

It is further **ORDERED AND ADJUDGED** that the Commission's claims for disgorgement and a civil money penalty are dismissed based upon Plaintiff's voluntary dismissal of those claims. *See* ECF No. 81 at 2.

## IV.

## RETENTION OF JURISDICTION

It is further **ORDERED AND ADJUDGED** that this Court shall retain jurisdiction over this matter and OPTZ in order to implement and carry out the terms of all Orders and Decrees that may be entered and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the

circumstances.

## V.

## **RULE 54(b) CERTIFICATION**

It is further **ORDERED AND ADJUDGED** that there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice. The Clerk of the Court is directed to **CLOSE** this case. All pending motions are hereby **DENIED AS MOOT**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 9th day of December 2013.

*[signature]*

ROBIN S. ROSENBAUM

UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of record